Law Office of Michael Strage
425 Madison Avenue, 902
New York, NY 10017
(646) 642-0701; michaelstrageesq@gmail.com
November 12, 2020

The Honorable Andrew L. Carter, Jr.
United States District Court
40 Foley Square, Room 435
New York, NY 10007

The Honorable Barbara C. Moses
United States District Court
500 Pearl Street, Room 740
New York, NY 10007

Filed via ECF and emailed to:
ALCarternysdchambers@nysd.uscourts.gov; nysd.uscourts.gov/judge/moses,
Stefanie.Goldblatt@cfpb.gov; Benjamin.Konop@cfpb.gov; Stephanie.Duff-OBryan@cfpb.gov
lucasj@sec.gov; austinjo@sec.gov

Re: 20 CV 05159 ALC (BCM) – *Bureau of Consumer Financial Protection v. My Loan Doctor LLC d/b/a Loan Doctor and Edgar Radjabli* - Request for Pre-Motion Conference

Judge Carter:

Pursuant to F.R.Civ.P. 9(b), 12(b)(6) and 19(a)(2) and Carter Individual Practice Rule 2.A, Defendants submit this pre-motion conference request in anticipation of a motion to dismiss Plaintiff CFPB's Complaint (ECF 1) filed July 6, 2020; or in the alternative if not dismissed, to join the Securities and Exchange Commission (SEC) as an Involuntary Plaintiff. The SEC is conducting a related and overlapping investigation of the Defendants based upon many of the same alleged transactions. Considering the imminent change to the Executive Branch and possibly the CFPB's leadership, direction, and likely priorities, if requested, the Defendants would consent to a stay to allow the CFPB to re-assess, replead, or withdraw its claims.

The controlling tests set forth in *Twomby* and *Iqbal* holdings require the Court to accept as true and give deference to properly pled facts. Also considered are matters subject to judicial notice, *New York Pet Welfare Ass'n, Inc. v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017), and undisclosed documents known to the plaintiff which are integral to the complaint. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). This Court need not assume true or give deference to allegations that, as here, are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal* @ 663; *DeJesús v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87-88 (2d Cir. 2013). Defendants submit that the CFPB pleading fails these tests because it is based on unsupported conclusions, false inferences drawn from material omissions and concealed exculpatory and contradictory facts, of which the CFPB was aware when it filed this Complaint.

<u>The CFPB failed in its obligation of candor toward this tribunal</u>. The CFPB Complaint omitted pertinent relevant facts, "in the plaintiff's possession or which the plaintiff relied on in bringing the suit." *Roth* @509. The Defendants' business records voluntarily provided to the CFPB before July 6, 2020 evidenced that the Defendants had verifiably refunded all consumer funds to each of its consumers, none of whom notably had complained or requested refunds, even after having been made aware of the CFPB's allegations. The CFPB Complaint ignored this and knowingly alleged the contrary. The withheld facts supported and promoted the incorrect inference that the Defendants held funds CFPB alleged Defendants *took*. (ECF 1 - ¶ 16). Refunds

to consumers and consumer satisfaction are to be considered as to whether damages, if any, exist. *FTC v. Kuykendall*, 371 F.3d 745, 766 (10th Cir. 2004).

ECF 1 - ¶'s 44 to 48 captioned *Defendants' Post-Investigative Conduct* alleged acts after March 20, 2020 which the Defendants cannot dispute at this juncture. The Defendants can disclose omitted / withheld integral material and contradictory information known to the CFPB at the time of the filing Complaint. The CFPB did not disclose that in an effort to stop further accusations and unsupported claims by the CFPB and the SEC, Loan Doctor refunded every dollar with interest and ceased operations. On July 2, 2020, Loan Doctor provided, via counsel Anthony Alexis, business records disclosing: each consumer; the amount received and subsequently refunded to each; bank records of refund wire transfers; and password access to the Loan Doctor's accounting records. No consumer is named as a harmed party or included in damages claimed. It is unknown whether the CFPB or SEC contacted any disclosed consumer whose rights the CFPB is purportedly protecting.

<u>The CFPB has failed to adequately state claims against the Defendants or justify its request for damages</u>. The Complaint uses the term *likely* no less than nine times in its allegations and claims for relief (ECF 1 - ¶'s 50,54,55,61,62,69,70,75,76). *Likely* is a conjectural *maybe-sort of-might* happen conclusion not an allegation of a fact, event, or act. The CFPB maintains a database of consumer complaints. (Consumerfinance.gov/data-research/consumer-complaints/). Despite the verifiable consumer information provided by the Defendants and the CFPB database, the CFPB did not allege a single consumer complaint to support its conclusion of *likely* effects on consumers. A FOIA request response from the CFPB did not disclose a single consumer complaint against Loan Doctor or Dr. Radjabli. Conceding the lack of actual, alleged, established, or evident damage to consumers, the CFPB did not seek an injunction or TRO.

The CFPB did not fulfill the initial burden of alleging sufficient facts to "reasonably approximate" equitable monetary damages that would go back to consumers. ECF 1 - ¶ 16 states, *"Starting in August 2019, Loan Doctor took more than $15 million from at least 400 consumers…"*. As discussed above, the number of consumers, amount received, and refunds were known to the CFPB from business records provided by the Defendants to the CFPB prior to filing. Further, the CFPB accusation *took* is a conclusory claim lacking factual context and seeking to imply wrongful acts. The CFPB does not name a harmed or dissatisfied person of the "at least 400 consumers". Equally, CFPB's *Demand and Relief* seeks, damages the CFP knows do not exist, i.e. "pay redress to consumers" and "disgorgement of Defendants' ill-gotten gains." The CFPB concealed facts and implied that the alleged $15 million Defendants allegedly *took*: was in the possession of the Defendants; redress was owed consumers; and funds had to be disgorged. The CFPB unspecified boiler-plate relief / damages listed were known to be unsubstantiated when requested. Contrary to CFPB pleadings, the CFPB knew there were no Loan Doctor profits or consumer funds owed to customers or held to disgorge.

Dr. Radjabli is a member of Loan Doctor LLC. CFPB's sole allegation is that Dr. Radjabli is a *related person* and *covered person*. (ECF 1 - ¶'s 9, 10). The CFPB did not present alleged acts, let alone demonstrate intent, reckless indifference/disregard or that Dr. Radjabli knew or should have known that consumers were misled or *likely* to be misled. All claims against him should be dismissed.

Lastly, although not stated as such, the CFPB claims are an action in fraud. CFPB's conclusions and recitals do not adequately allege with particularity the essential elements of fraud against Loan Doctor or Dr. Radjabli as required by FRCP 9(b) or to impose personal liability as to Dr. Radjabli.

If this Court does not dismiss the CFPB's Complaint or grants the CFPB leave to amend, the Defendants seek joinder of the SEC as an Involuntary Plaintiff. SEC and CFPB matters against the Defendants are intertwined such that joining the SEC is in the best interest of justice.

The SEC has entered this case. The SEC conducted discovery into the parties, matters, and transactions at issue here aiding the CFPB. The SEC led: an impermissible statutory overreach; a violation of Defendants' due process rights; and an attempted end run on the authority of this Court. Starting July 8, 2020, after the July 6th filing of the CFPB Complaint in this matter, five members of SEC counsel (John P. Lucas, senior counsel, Jonathan Austin, counsel, Jeffrey Anderson, accountant, David Misler, trial attorney, and James Carlson, assistant chief litigation counsel) deposed Dr. Radjabli for five days July 8, 9, 15, 16 and 31, 2020 comprising seven hundred twenty seven pages of testimony. The SEC questioning ostensibly regarded *In the Matter of: Trading in the Securities of Veritone, Inc*., File No. HO-13678-A (*SEC-Veritone, Inc.*). On the final day July 31st, over the objection of counsel, SEC pursued questioning regarding Loan Doctor and Dr. Radjabli and the alleged acts and occurrences that are the basis of the CFPB's filed Complaint.

Compounding the joint efforts of the CFPB and SEC, during the ongoing deposition of Dr. Radjabli, July 14, 2020, the SEC issued an *Amended Order Directing Private Investigation and Designating Officers to Take Testimony.* The *Amended Order* named Loan Doctor as the subject of an investigation for possible violations of Section 17(a) of the Securities Act of 1933. The *Amended Order* states that the SEC pursues and has statutory authority to investigate and litigate alleged acts of Defendant Loan Doctor based on a possible *securities* violation. The same acts are alleged by the CFPB in this action. The CFPB brought this action and alleged statutory authority to litigate the Defendants' alleged acts. (ECF 1 - ¶ 5).

The SEC and CFPB are questioning the Defendants' operations under their respective but mutually exclusive statutory authorities to do so based on the definition of the Defendants' alleged acts as EITHER, *deposit taking activities* under CFPB, 12 U.S.C. § 5481(5), (15)(A)(iv) OR *securities* under SEC. Loan Doctor and Dr. Radjabli are the subjects of the SEC's expanding of *SEC - Veritone, Inc*. There are common issues of fact and law with the CFPB allegations. Defendants ask this Court to join the SEC to, *inter alia* resolve which federal agency governs the accusations against the Defendants and should be required to conduct the current proceedings herein. The Defendants seek to rightfully avoid having to defend against conflicting governmental positions in separate but parallel actions, while responding to discovery requests and investigative subpoenas seeking the same information on behalf of separate agencies of the same government, that are admittedly sharing that information to use against them. Adjudication in separate proceedings may expose the Defendants to inconsistent and conflicting decrees. Judicial efficiency is fostered by the joint adjudication of claims by federal agencies against the same defendants based upon the same alleged acts.

In sum, the Complaint fails the *Twomby-Iqbal* test; and the CFPB failed in its duty of candor to the Court when it filed a baseless Complaint supported by implicit and explicit falsehoods. Although not all inclusive, the above outlines some of the numerous deficiencies in Plaintiffs' Complaint and which require dismissal, or joinder, or a stay, as set forth above.

Sincerely,