MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _Dec. 9, 2022_____

### In the United States District Court
### for the Southern District of New York

| | |
|---|---|
| Bureau of Consumer Financial Protection, | Case No. 1:20-cv-05159-ALC |
| Plaintiff, | |
| v. | |
| My Loan Doctor, LLC d/b/a Loan Doctor and Edgar Radjabli, | |
| Defendants. | |

### Stipulated Final Judgment and Order

The Bureau of Consumer Financial Protection (Bureau) commenced this civil action against Loan Doctor, LLC and Edgar Radjabli (Defendants) on July 6, 2020, to obtain injunctive and other relief. The Complaint alleges deceptive acts and practices in violation of § 1036(a)(1)(B) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5536(a)(1)(B) in connection with Defendants' Deposit-Taking Activities. The Bureau and Defendants agree to entry of this Stipulated Final Judgment and Order ("Order"), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

### Introduction

1.      This Court has jurisdiction over the parties and the subject matter of this action.

2.      The Bureau and Defendants agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in this dispute arising from the conduct alleged in the Complaint.

3.      Defendants neither admit nor deny any allegations in the Complaint,

except as specifically stated in this Order. For purposes of this Order, Defendants admit the facts necessary to establish the court's jurisdiction over them and the subject matter of this action.

4.      Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party will bear its own costs and expenses, including without limitation attorneys' fees.

5.      Entry of this Order is in the public interest.

**Definitions**

6.      The following definitions apply to this Order:

a.      "Affected Consumer" includes consumers who deposited money with Loan Doctor, LLC between July 1, 2019 and the Effective Date, excluding Edgar Radjabli, Elizabeth White, and Apis Capital Management, LLC.

b.      "Assisting Others" includes, but is not limited to:

    i.      consulting in any form whatsoever;

    ii.     performing customer-service functions, including but not limited to receiving or responding to consumer complaints;

    iii.    formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including but not limited to web or Internet Protocol addresses or domain-name registration for any internet websites, affiliate-marketing services, or media-placement services;

    iv.     providing names of, or assisting in the generation of, potential

customers;

    v.    performing marketing, billing, or payment services of any kind; and

    vi.    acting or serving as an owner, officer, director, manager, or principal of any entity.

c.    "Complaint" means the Complaint filed in this action.

d.    "Consumer Financial Product or Service" is synonymous in meaning and equal in scope to the definition of the term in the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable restrictions contained in the CFPA, includes but is not limited to:

    i.    providing financial-advisory services to consumers on individual consumer-financial matters or relating to proprietary financial products or services; and

    ii.    engaging in deposit-taking activities, transmitting, or exchanging funds, or otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a consumer.

e.    "Defendants" means Loan Doctor, LLC and Edgar Radjabli.

f.    "Deposit-Taking Activity" is synonymous in meaning and equal in scope to the definition of the term in the CFPA, 12 U.S.C. § 5481(8), and, subject to applicable restrictions contained in the CFPA, including § 1027(i) & (j) of the CFPA, 12 U.S.C. § 5517(i) & (j), includes but is not limited to:

    i.    the acceptance of deposits, maintenance of deposit accounts, or the provision of services related to the acceptance of deposits or the maintenance of deposit accounts; and

ii.     the acceptance of funds, the provision of services related to the

acceptance of funds, or the maintenance of member share

accounts by a credit union.

g.      "Effective Date" means the date on which the Order is entered on

the docket.

h.      "Enforcement Director" means the Assistant Director of the Office

of Enforcement for the Bureau of Consumer Financial Protection, or his or her

delegate.

i.      "Loan Doctor, LLC" means Loan Doctor, LLC and its successors and

assigns.

j.      "Related Consumer Action" means a private action by or on behalf

of one or more consumers or an enforcement action by another governmental

agency brought against Defendants based on substantially the same facts as

described in this Order or the Complaint, excluding *Securities and Exchange*

*Commission v. Edgar M. Radjabli, Apis Capital Management, LLC, and My*

*Loan Doctor, LLC*, Civil Action No. 2:21-cv-01761 (D.S.C. June 11, 2021).

k.      "Service Provider" is synonymous in meaning and equal in scope to

the definition of the term in the CFPA, 12 U.S.C. § 5481(26), and, subject to

applicable restrictions contained in the CFPA, includes but is not limited to any

person that provides a material service to a covered person, in connection with

the offering or provision by such covered person of a consumer-financial product

or service, including a person that: (i) participates in designing, operating, or

maintaining the consumer-financial product or service; or (ii) processes

transactions relating to the consumer-financial product or service (other than

unknowingly or incidentally transmitting or processing financial data in a manner that such data is undifferentiated from other types of data of the same form as the person transmits or processes). "Service provider" does not include a person solely by virtue of such person offering or providing to a covered person: (i) a support service of a type provided to businesses generally or a similar ministerial service; or (ii) time or space for an advertisement for a consumer-financial product or service through print, newspaper, or electronic media.

## Conduct Provisions

## I.

## Permanent Ban on Deposit-Taking Activity

**IT IS ORDERED that:**

7.      Defendants, whether acting directly or indirectly, are permanently banned from, and from Assisting Others in, offering, providing, participating in, advertising, marketing, promoting, offering for sale, or selling, any Deposit-Taking Activity.

## II.

## Prohibition on Deceptive Practices

**IT IS FURTHER ORDERED that:**

8.      Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, may not:

a.      violate §§ 1031 and 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531, 5536(a)(1)(B); and

b.      in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any Consumer Financial Product or Service, may

not misrepresent, or Assist Others in misrepresenting, expressly or impliedly, any fact material to consumers, including but not limited to total costs and any material restrictions, limitations, or conditions.

## Monetary Provisions

## III.

## Order to Provide Redress

**IT IS FURTHER ORDERED that:**

9.     Defendants are ordered to provide Affected Consumers redress in the full amount Defendants received from consumers who purchased Defendants' advertised Consumer Financial Products and Services, plus all interest due to consumers under the terms of the advertised Consumer Financial Product or Service purchased.

10.     Defendants have represented to the Bureau that they accepted from consumers more than $19 million for Defendants' Consumer Financial Products and Services. Defendants have further represented to the Bureau that they have already satisfied the obligation to provide redress under Paragraph 9 of this Order because they have already refunded the full amount received from consumers, plus all interest due to consumers under the advertised terms of those Consumer Financial Products and Services.

11.     Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## IV.

## Redress Plan

**IT IS FURTHER ORDERED that:**

12.     Within 30 days of the Effective Date, Defendants must submit to the

Enforcement Director for review and non-objection a comprehensive written plan for providing the redress ordered in Paragraph 9 ("Redress Plan"). The Enforcement Director will have the discretion to make a determination of non-objection to the Redress Plan or direct Defendants to revise it. If the Enforcement Director directs Defendants to revise the Redress Plan, Defendants must make the revisions and resubmit the Redress Plan to the Enforcement Director within 30 days. After receiving notification that the Enforcement Director has made a determination of non-objection to the Redress Plan, Defendants must implement and adhere to the steps, recommendations, deadlines, and timeframes set forth in the Redress Plan.

13.    The Redress Plan must state:

a.    the total amount of all money Loan Doctor, LLC received to date from all Affected Consumers for the Consumer Financial Products and Services Defendants offered, including any associated fees;

b.    the total amount of deposits Loan Doctor, LLC received from all Affected Consumers;

c.    the total amount of interest Loan Doctor, LLC contractually owed to all Affected Consumers for those deposits;

d.    the total amount of any fees Loan Doctor, LLC received from all Affected Consumers;

e.    the deposit amount Loan Doctor, LLC received from each individual Affected Consumer;

f.    the total interest Loan Doctor, LLC contractually owed to each individual Affected Consumer for his or her deposit; and

g.    the total amount of any fees Loan Doctor, LLC received from each

individual Affected Consumer.

14.     For any redress made before the Effective Date of this Order, Defendants must state:

     a.      the total amount of all money Loan Doctor, LLC refunded to all Affected Consumers for the Consumer Financial Products and Services Defendants offered, including any associated fees and payment of any interest owed;

     b.      the total amount of deposits Loan Doctor, LLC refunded to all Affected Consumers;

     c.      the total amount of interest owed to consumers that Loan Doctor, LLC refunded to all Affected Consumers;

     d.      the total amount of any fees Loan Doctor, LLC refunded to Affected Consumers;

     e.      the deposit amount Loan Doctor, LLC refunded to each individual Affected Consumer and the date the refund was sent;

     f.      the interest amount Loan Doctor, LLC refunded to each individual Affected Consumer for his or her deposit and the date the refund was sent; and

     g.      the total amount of any fees Loan Doctor, LLC refunded each individual Affected Consumer and the date the refund was sent.

15.     For any redress not made before the Effective Date of this Order, Defendants must also state:

     a.      the total amount of all money Loan Doctor, LLC will refund to Affected Consumers, pursuant to Paragraph 9 of this Order, for the Consumer Financial Products and Services Defendants offered, including any associated

fees and payment of any interest owed;

      b.     the total amount of deposits Loan Doctor, LLC will refund to all Affected Consumers pursuant to Paragraph 9 of this Order;

      c.     the total amount of interest Loan Doctor, LLC will refund to all Affected Consumers pursuant to Paragraph 9 of this Order;

      d.     the total amount of any fees Loan Doctor, LLC will refund to all Affected Consumers pursuant to Paragraph 9 of this Order;

      e.     the deposit amount Loan Doctor, LLC will refund to each individual Affected Consumer pursuant to Paragraph 9 of this Order;

      f.     the interest amount Loan Doctor, LLC will refund to each individual Affected Consumer pursuant to Paragraph 9 of this Order; and

      g.     the total amount of any fees Loan Doctor, LLC will refund each individual Affected Consumer pursuant to Paragraph 9 of this Order.

16.     For any redress made before the Effective Date of this Order, Defendants must state the manner in which the redress was made and include with their Redress Plan: (1) the template of the communication ("Prior Redress Notification Letter") that was sent notifying Affected Consumers of the redress; (2) if the communication was mailed, the form of the envelope that contained the Prior Redress Notification Letter; (3) the forms of any other documents already sent to Affected Consumers relating to redress; and (4) appropriate proof of such redress, including documentation of payments made (such as but not limited to bank records, wire transfer receipts, and copies of checks) and the Redress Report required in Paragraph 26 of this Order.

17.     With respect to any redress not made before the Effective Date of this Order, the Redress Plan must include: (1) the template of the communication ("Redress

Notification Letter") that will be sent notifying Affected Consumers of the redress; and (2) if the communication will be mailed, the form of the envelope that will contain the Redress Notification Letter. The Redress Notification Letter must include language explaining the manner in which the amount of redress was calculated, including interest and a statement that the refund payment is being made in accordance with the terms of this Order. Defendants must not include in any envelope or with any email containing a Redress Notification Letter any materials other than the approved letters and redress checks, unless Defendants have obtained written confirmation from the Enforcement Director that the Bureau does not object to the inclusion of such additional materials.

18.     Defendants will provide to the Enforcement Director a template of the follow-up communication ("Follow-Up Redress Notification Letter") that will be sent to Affected Consumers. The Follow-Up Redress Notification Letter must include language explaining the manner in which the amount of redress was calculated, including interest and a statement that the refund payment is being made in accordance with the terms of this Order.

19.     The Redress Plan must include a description of the following:

a.     methods used and the time necessary to compile a list of potential Affected Consumers;

b.     methods used to calculate the amount of redress to be paid to each Affected Consumer as required herein;

c.     procedures for issuance and tracking of redress to Affected Consumers;

d.     procedures for monitoring compliance with the Redress Plan; and

e.     the process for providing redress to Affected Consumers.

20.     Defendants must make reasonable attempts to obtain a current physical address and email address for any Affected Consumer for a period of 360 days from the date the redress was sent, during which period such amount may be claimed by such Affected Consumer upon appropriate proof of identity. After such time those monies will be deposited into the U.S. Treasury.

21.     If the amount of redress that Defendants provided to Affected Consumers before the Effective Date of this Order is less than the sum total of the amounts stated in the Redress Plan in response to Paragraphs 13.a and 13.c of this Order, then within 30 days of the completion of the Redress Plan, Defendants must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, the difference between the redress paid before the Effective Date and the sum total of the amounts stated in the Redress Plan in response to Paragraphs 13.a and 13.c of this Order.

22.     The Bureau may use any remaining funds, including those collected under Paragraph 21, to pay additional redress to Affected Consumers. If the Bureau determines, in its sole discretion, that additional redress is wholly or partially impracticable or otherwise inappropriate, or if funds remain after the additional redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury. Defendants will have no right to challenge any actions that the Bureau or its representatives may take under this Section.

23.     Defendants must not condition the payment of any redress to any Affected Consumer under this Order on that person's agreement to any condition, such as the waiver of any right. If any redress already made was conditioned on any waivers, those waivers are void and unenforceable.

# V.

## Assessment of Redress

**IT IS FURTHER ORDERED that:**

24.     Defendants must retain, at their own expense, the services of an independent certified accounting firm ("Firm"), within 15 days after the Enforcement Director's non-objection pursuant to Paragraph 12, to determine compliance with the Redress Plan. The Firm shall determine compliance in accordance with the attestation standards established by the American Institute of Certified Public Accountants for agreed-upon procedures for engagements.

25.     Before retaining the Firm described in Paragraph 24, and no later than 60 days from the Effective Date, Defendants must submit the name and qualifications of the Firm, together with the proposed engagement letter with the Firm and the proposed agreed-upon procedures, to the Enforcement Director for non-objection. Within 15 days after submission of the Firm's name, the Enforcement Director must notify the Defendants in writing of the Bureau's objection or non-objection thereto.

26.     The Firm must prepare a detailed written report of its assessment of the Defendant's compliance with the terms of the Redress Plan ("Redress Report"). The Redress Report must include an assessment of the Redress Plan and the methodology used to determine the population of Affected Consumers, the amount of redress for each Affected Consumer and the overall amount of redress provided to all Affected Consumers, the procedures used to issue and track redress payments, and the work of any independent consultants that Defendants have used to assist and review their execution of the Redress Plan.

27.     The Firm must submit the Redress Report to the Enforcement Director

and the Board within 90 days after Defendants complete implementation of the Redress Plan.

## VI.

## Order to Pay Civil Money Penalty

**IT IS FURTHER ORDERED that:**

28.     Under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Complaint, and taking into account the factors in 12 U.S.C. § 5565(c)(3), a judgment for a civil money penalty is entered in favor of the Bureau and against Defendants Loan Doctor, LLC and Edgar Radjabli, jointly and severally, in the amount of $391,530. Under 12 U.S.C. § 5565(c)(4), the amount Defendants must pay will be remitted by $241,530 because of Defendants' satisfaction of their obligation to pay that amount in penalties to the Securities and Exchange Commission for related conduct in *SEC v. Radjabli et al.*, Civil Action No. 2:21-cv-01761 (D.S.C.).

29.     Within 10 days of the Effective Date, Defendants must pay the civil money penalty by wire transfer to the Bureau or the Bureau's agent in compliance with the Bureau's wiring instructions.

30.     The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

31.     Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Defendants may not:

      a.     claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

      b.     seek or accept, directly or indirectly, reimbursement or

indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

32.  Defendant Radjabli agrees that the civil penalty imposed by the Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus, is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

## VII.

## Additional Monetary Provisions

**IT IS FURTHER ORDERED that**:

33.  In the event of any default on Defendants' obligations to make payments under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment and will immediately become due and payable.

34.  Defendants relinquish all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law, and no part of the funds may be returned to Defendants.

35.  In any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Bureau, including in a proceeding to enforce the Bureau's rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case, the facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof.

36.  For the purpose of supporting an action by the Bureau under

§ 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), the facts alleged in the Complaint establish all elements necessary to sustain such an action, and for such purposes this Order will have collateral estoppel effect against each Defendant, even in such Defendant's capacity as debtor-in-possession.

37.     Under 31 U.S.C. § 7701, Defendants, unless they have already done so, must furnish to the Bureau their taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

38.     Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Defendants must notify the Enforcement Director of the final judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendants paid or are required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendants may not argue that Defendants are entitled to, nor may Defendants benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Defendants based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Defendants must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money

penalty and will not change the amount of the civil money penalty imposed in this action.

39.    Upon written request, any consumer-reporting agency must furnish consumer reports to the Bureau concerning Defendant Radjabli under § 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.§ 168l b(a)(1), which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## Compliance Provisions

## VIII.

## Reporting Requirements

**IT IS FUTHER ORDERED that**:

40.    Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendants; or a change in Defendants' name or address. Defendants must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

41.    Within 10 days of the Effective Date, each Defendant must:

a.    designate at least one telephone number and email, physical, and postal addresses as points of contact that the Bureau may use to communicate with Defendant;

b.    identify all businesses for which Defendant is the majority owner, or that Defendant directly or indirectly controls, by all of their names, telephone

numbers, and physical, postal, email, and Internet addresses;

    c.    describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

42.    Within 10 days of the Effective Date, Defendant Radjabli must:

    a.    identify his telephone numbers and all email, Internet, physical, and postal addresses, including all residences; and

    b.    describe in detail his involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including his title, role, responsibilities, participation, authority, control, and ownership.

43.    Defendants must report any change in information required to be submitted under Paragraphs 41 and 42 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

44.    One year after the Effective Date, each Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury (Compliance Report), which, at a minimum:

    a.    lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which Defendant has complied with each such paragraph and subparagraph of this Order;

    b.    Describes in detail the manner and form in which Defendant has complied with the Redress Plan; and

    c.    attaches a copy of each Order Acknowledgment obtained under Section IX (Order Distribution and Acknowledgment), unless previously submitted to the Bureau.

# IX.

## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED that**:

45.    Within 7 days of the Effective Date, each Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

46.    Within 30 days of the Effective Date, Defendant Loan Doctor, LLC and Defendant Radjabli, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to each of its executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

47.    For 5 years from the Effective Date, Defendant Loan Doctor, LLC and Defendant Radjabli, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section VIII (Reporting Requirements), any future board members and executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order, before they assume their responsibilities.

48.    Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. §§ 7001-7006, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

49.    Within 90 days of the Effective Date, Defendants must provide the Bureau

with a list of all persons and their titles to whom this Order was delivered through that date under Paragraphs 46 and 47 and a copy of all signed and dated statements acknowledging receipt of this Order under Paragraph 48.

## X.

## Recordkeeping

**IT IS FURTHER ORDERED that**:

50.    Defendant Loan Doctor, LLC and Defendant Radjabli, for any business for which he is a majority owner or which he directly or indirectly controls, must create, for at least 5 years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau. Defendants must retain these documents for at least 5 years after creation and make them available to the Bureau upon the Bureau's request.

51.    Defendant Loan Doctor, LLC must maintain for at least 5 years from the Effective Date or 5 years after creation, whichever is longer:

a.    copies of all sales scripts, training materials, advertisements, websites, and other marketing materials, including any such materials used by a third party on Loan Doctor, LLC's behalf;

b.    for each individual Affected Consumer, and for any other consumer who enrolls or participates in any Loan Doctor, LLC product or service, the consumer's name, address, phone number, and email address, amount paid, quantity of product or service purchased, description of the product or service purchased, the date on which the product or service was purchased, a copy of any promotional or welcome materials provided, and, if applicable, the date and reason the consumer left the program;

        c.      for any Loan Doctor, LLC product or service, accounting records showing the gross and net revenues generated by the product or service;

        d.      all consumer complaints and refund requests (whether received directly or indirectly, such as through a third party), and any responses to those complaints or requests;

        e.      records showing, for each employee providing services, that person's name, telephone number, email, physical, and postal address, job title or position, dates of service, and, if applicable, the reason for termination; and

        f.      records showing, for each Service Provider providing services related to any Loan Doctor, LLC product or service, the name of a point of contact, and that person's telephone number, email, physical, and postal address, job title or position, dates of service, and, if applicable, the reason for termination.

52.     Defendant Loan Doctor, LLC must make these materials available to the Bureau upon the Bureau's request.

## XI.

## Notices

**IT IS FURTHER ORDERED that:**

53.     Unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "Bureau of Consumer Financial Protection v. Loan Doctor, LLC and Edgar Radjabli, Case No. 1:20-cv-05159-ALC" and send them contemporaneously to the following addresses:

        a.      by overnight courier or first-class mail:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTN:  Office of Enforcement
1700 G St., NW
Washington, D.C. 20552

b.      by email to:

Enforcement_Compliance@cfpb.gov

## XII.

## Cooperation with the Bureau

**IT IS FURTHER ORDERED that:**

54.     Defendants must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendants must provide such information in their or their agents' possession or control within 14 days of receiving a written request from the Bureau.

55.     Defendants must cooperate fully with the Bureau in this matter and in any investigation or litigation related to or associated with the conduct described in the Complaint. Defendants must provide to the Bureau truthful and complete information, evidence, and testimony. Defendant Radjabli must appear, and Defendant Loan Doctor, LLC must cause its officers, employees, representatives, or agents to appear, for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## XIII.

## Compliance Monitoring

**IT IS FURTHER ORDERED that:**

56.     Within 14 days of receipt of a written request from the Bureau, Defendants must submit compliance reports or other requested information, which must be sworn under penalty of perjury, provide sworn testimony, or produce documents.

57.     For purposes of this Section, the Bureau may communicate directly with Defendants, unless Defendants retain counsel related to these communications.

58.     Defendants must permit Bureau representatives to interview any employee or other person affiliated with Defendants who have agreed to such an interview regarding: (a) this matter; (b) anything related to or associated with the conduct described in the Complaint; or (c) compliance with this Order. The person interviewed may have counsel present.

59.     Nothing in this Order will limit the Bureau's lawful use of compulsory process under 12 C.F.R. § 1080.6.

## XIV.

## Transfer or Assignment of Operations

**IT IS FUTHER ODERED that:**

60.      Should Defendants seek to transfer or assign all or part of their operations that are subject to this Order, Defendants must, as a condition of sale, obtain the written agreement of the transferee or assignee to comply with all applicable provisions of this Order.

## XV.

## Retention of Jurisdiction

**IT IS FURTHER ORDERED that:**

61.     All pending motions are hereby denied as moot.

62.     The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**.

Dated: December 9, 2022

_____
United States District Judge